UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————X

ANDRE BLANC,

                Plaintiff,

-against-

UNITED STATES POSTAL SERVICE,

                Defendant.

———————————————————X

14-CV-1404 (ARR) (LB)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM
AND ORDER

ROSS, United States District Judge:

Plaintiff, a resident of Brooklyn, brings this pro se action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), against defendant United States Postal Service ("USPS") seeking damages of $500 for the USPS's alleged negligence in handling a parcel containing a vase he sent to North Carolina. The Court grants plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. Plaintiff's complaint is dismissed for the reasons set forth below.

## BACKGROUND

Plaintiff alleges that on September 5, 2013, he mailed a parcel to Ryoka Wada in Winston-Salem, North Carolina, by USPS insured mail. Compl., Dkt. #1, ECF 1. The parcel contained a vase that plaintiff sold to Wada for $379 via the internet. Id. at ECF 1. The Insured Mail Receipt states that plaintiff paid a $7.40 fee to obtain $500.00 insurance coverage for the parcel, bearing Article Number VI821167382US. Id. at ECF 3. The vase was broken when Wada received it, so she returned it to plaintiff and he refunded her money on September 16, 2013. Id. at ECF 1.

Plaintiff filed an insurance claim for the damaged item with the USPS Domestic Claims office in St. Louis, Missouri and sent them the original shipping receipt. Id. at ECF 1. According to the February 4, 2014 letter from the USPS regarding Claim Number 2296520, plaintiff was directed to "present the item(s) and mailing container (including the wrapping, packaging, and any other contents received), along with this letter to a Post Office within 30 days, for inspection, retention and disposition in accordance with the claims decision . . . . If this evidence of damage is not available for inspection, your claim may be denied." Id. at ECF 3. On February 11, 2014, plaintiff spoke to multiple USPS managers at the local Post Office. Id. at ECF 1. A manager named "O" refused his claim because he did not have the original receipt; plaintiff had mailed the original receipt with his claim, and he only had a copy of it. Id. at ECF 1-2. On February 27, 2014, plaintiff filed the instant action under the FTCA. Plaintiff seeks $500 to cover the loss of the vase and shipping expenses.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In reviewing plaintiff's complaint, I am mindful that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments they suggest. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Plaintiff must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 542-43 (E.D.N.Y. 1999) (dismissing pro se

complaint for lack of subject matter jurisdiction). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp. 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). If the court lacks subject matter jurisdiction, "dismissal is mandatory." Manway Constr. Co., Inc. v. Hous. Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983); see also Fed. R. Civ. P. 12 (h)(3).

## DISCUSSION

### A. Federal Tort Claims Act

Sovereign immunity precludes suits against the United States and its agencies, including the USPS, unless Congress expressly abrogates that immunity by statute. See Presidential Gardens Assocs. v. United States, 175 F.3d 132, 139 (2d Cir. 1999); see also Dolan v. U.S. Postal Serv., 546 U.S. 481, 484 (2006) ("[T]he Postal Service enjoys federal sovereign immunity absent a waiver."); U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd., 540 U.S. 736, 741 (2004). The Postal Reorganization Act provides a general waiver of the USPS's sovereign immunity, 39 U.S.C. § 401(1), and establishes that the FTCA shall govern all tort claims against the USPS, 39 U.S.C. § 409(c); see Dolan, 546 U.S. at 484.

The FTCA is the exclusive means for recovering damages against a federal agency for

"injury or loss of property . . . caused by the negligent or wrongful act or omission" of agency employees acting in their official capacities. 28 U.S.C. § 1346(b). The FTCA is a limited waiver that contains certain exceptions. Under one of the FTCA's exceptions, the United States retains its sovereign immunity with regard to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b) ("postal matter exception"); see Dolan, 546 U.S. at 484; Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004).

Here, plaintiff claims that the USPS negligently damaged the contents of his Domestic Mail parcel; his claim falls squarely in the postal matter exception. Thus, to the extent that plaintiff's claim sounds in tort, this court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 2680(b). See, e.g., Azeez v. United States, No. 10-CV-3591 (JG)(MDG), 2010 WL 3310699, at *1 (E.D.N.Y. Aug. 19, 2010) (dismissing claim for lack of subject matter jurisdiction against USPS for loss of laptop computer and printer); Lam v. U.S. Postal Serv., No. 06-CV-0268 (JG), 2006 WL 2729199, at *3 (E.D.N.Y. Sept. 25, 2006) ("[C]ourts have dismissed FTCA claims that conflict with the postal matters exception, even where the postal matter at issue was registered or insured."); Ezeoke v. U.S. Postal Serv., No. 03-CV-1462 (JG), 2003 WL 22170602, at *1 (E.D.N.Y. Aug. 29, 2003) (dismissing claim for lack of subject matter jurisdiction against USPS for loss of computer mailed to Texas); Djordjevic v. Postmaster Gen., U.S. Postal Serv., 911 F. Supp. 31, 34 (E.D.N.Y. 1997) (dismissing tort claim for loss of insured international package).

Accordingly, plaintiff's FTCA claim is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

## B. Plaintiff's Breach of Contract Claim[1]

Sovereign immunity does not bar contract claims against the USPS. See 28 U.S.C. § 1346(a)(2) (federal district courts have jurisdiction over "[a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States"); Postal Reorganization Act, 39 U.S.C. § 401(1) (USPS has the general power "to sue and be sued in its official name"). "In order for the USPS to be liable under a contract theory, a party seeking to recover for the loss of registered mail must exhaust all 'administrative remedies available under the postal regulations'" before bringing suit in federal district court. McBride v. U.S. Postal Serv., No. 07-CV-0446 (NG), 2007 WL 1965337, at * 2 (E.D.N.Y. June 29, 2007) (quoting Djordjevic, 911 F. Supp. at 75). The requirement to exhaust administrative remedies is jurisdictional and cannot be waived. Kajtazi v. Potter, No. 07 Civ. 443 (RMB), 2008 WL 490605, at * 1 (S.D.N.Y. Feb. 20, 2008) (citing Celestine v. Mt. Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005)).

In this case, the relevant postal regulation is the USPS's Domestic Mail Manual ("DMM"), a loose-leaf publication incorporated by reference into the Code of Federal Regulations and thus deemed published in the Federal Register. See 39 C.F.R. § 111.1 (incorporating by reference the DMM). The DMM allows for "indemnity claims" to be filed for insured mail and provides specific procedures for filing the claim as well as for subsequent appeals. See DMM §§ 609.1, 609.2, 609.6, available at http://pe.usps.gov/text/dmm300/609.htm; see also Mail Classification Schedule, available at http://www.prc.gov/prc-pages/library/mail-classification-schedule/default.aspx?view=mail (classifying insured mail).

---

[1] The plaintiff states that he brings this claim under the FTCA, Compl. at ECF 1, but the Court exercises its obligation to liberally construe the pro se complaint and finds that it may also allege a breach of contract claim, since plaintiff insured the parcel and filed an insurance claim for the damaged vase.

Plaintiff has not exhausted his administrative remedies under the DMM postal regulations. He filed the initial indemnity claim, and went to the Post Office on February 11, 2014 in an effort to comply with the USPS directions contained in its February 4, 2014 letter. See DMM § 609.2, "Providing Proof of Loss or Damage." But after the Post Office told plaintiff it could not process the claim without the original receipt, plaintiff did not follow any other administrative procedures or appeals. Instead, he filed this lawsuit. Since plaintiff has not exhausted "all administrative remedies available under the postal regulations," plaintiff's contract claim must be dismissed for lack of subject matter jurisdiction. McBride, 2007 WL 1965337, at *2; see also Gelbfish v. U.S. Postal Serv., 51 F. Supp. 2d 252 (E.D.N.Y. 1999) (dismissing complaint for lack of subject matter jurisdiction where plaintiff did not appeal USPS denial of his claim); Djordjevic, 911 F. Supp. at 75 (finding plaintiff failed to exhaust administrative remedies where USPS sent letter asking plaintiff to provide additional documentation and "clearly indicates that the decision was not final"); Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

Accordingly, plaintiff's tort claim against the USPS is dismissed for lack of subject matter jurisdiction because it falls within the postal matter exception to the FTCA. Plaintiff's breach of contract claim is also dismissed for lack of subject matter jurisdiction because he has failed to exhaust his administrative remedies under the postal regulations. The dismissal is without prejudice in the event that plaintiff exhausts his administrative remedies under the postal regulations and then decides to proceed in this forum.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an

appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: March 10, 2014
      Brooklyn, New York